IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GAYNETT POWELL,

    Plaintiff,

v.                                CASE NO. 5:18-cv-151-MCR-GRJ

WARDEN BARFIELD, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate in the custody of the Department of Corrections presently confined at Apalachee Correctional Institution, initiated this case by filing a complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Leave to proceed as a pauper has been granted by separate order. The Complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the following reasons, the undersigned recommends that this case be dismissed.

The Complaint stems from the conditions of confinement at Apalachee CI. Plaintiff alleges that in January 2018 he was subjected to the use of chemical spray in retaliation for filing a grievance against an officer who slapped a bowl of food out of his hand after Plaintiff refused to hand it to her. Plaintiff alleges that following the incident he was physically assaulted, confined in excessively cold conditions without adequate

clothing, and denied adequate care. He was denied the ability to declare a psychological emergency. Plaintiff was returned to his cell, which had not been decontaminated. When he complained, officers threatened him with a stun gun. Plaintiff was charged with a disciplinary infraction for refusing to give the bowl to the officer, but was denied the right to present evidence in his defense. Plaintiff was convicted and sentenced to disciplinary confinement and loss of gain-time. Plaintiff seeks monetary damages and injunctive relief. ECF No. 1.

Plaintiff executed the complaint under penalty of perjury. ECF No. 1 at 13. The Court's civil rights complaint form requires prisoners to disclose their prior litigation history. Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding other lawsuits, including whether they have initiated other actions in state or federal court dealing with the same or similar facts involved in the instant case, whether they have initiated other cases dealing with the fact or manner of their incarceration (including habeas corpus petitions), and whether they have "ever had any actions in federal court dismissed as frivolous, malicious, for failing to state a claim, or prior to service," and if so to "identify each and every case so dismissed." *Id.* at 5-6. The form expressly warns that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR

CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." *Id.* at 5.

In response to these questions, Plaintiff affirmatively represents that he filed prior state and federal cases. *Id*. at 5-6.  Regarding prior federal cases, Plaintiff represents that he filed cases in the Middle and Southern Districts of Florida.  However, he provided no identifying information regarding such cases, noting "unsure" on each space.  *Id*.  On the question whether he had any actions in federal court that were dismissed as frivolous, malicious, for failing to state a claim, or prior to service, Plaintiff failed to mark either "yes" or "no".  Instead, he wrote "unsure" in the blanks provided for specific case information.

A review of the Court's PACER Case Locator reflects that Plaintiff has filed three prior federal district court civil rights cases in the Middle and Southern Districts:  Case No. 1:16-cv-24735 (S.D. Fla. 3/15/17); Case No. 1:14-cv-21834 (S.D. Fla. 1/28/15); and Case No. 6:16-cv-303 (M.D. Fla.) (pending).  Plaintiff also filed a habeas corpus case, Case No. 1:04-cv-21027 (S.D. Fla. 2005).  The Court has determined that the Plaintiff in these prior cases is the same as the Plaintiff in the instant case, having DOC inmate #L07899. The civil rights cases are all very recent, and one remains pending (Case No. 6:16-cv-303).  Plaintiff has actively litigated that case, and filed a motion as recently as May 3, 2018.  *See* Case No. 6:16-

cv-303, ECF No. 134 (M.D. Fla.).  Plaintiff's failure to provide specific identifying information regarding these recent cases – and in particular the active, pending case -- strongly suggests a lack of good faith in completing the complaint form.

Moreover, the Court's review of Plaintiff's case filing history reflects a wholly undisclosed case filed in the Eleventh Circuit that was dismissed as frivolous and therefore counts as a "strike" pursuant to 28 U.S.C. §1915(g).  Plaintiff appealed the dismissal for want of prosecution of one of his Southern District cases, Case No. 1:16-cv-24735.  His appeal was assigned USCA Case No. 17-11673-K.  The Eleventh Circuit determined that the appeal presented no issues of arguable merit, and dismissed it as frivolous on November 27, 2017.  *See* Case No. 1:16-cv-24735, ECF No. 28 (S.D. Fla. 11/27/17).  The Court's civil rights complaint form plainly required Plaintiff to disclose this "strike".  *See* ECF No. 1 at 6.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601, at *4 (11th Cir. Feb. 10, 2011).[2]  In *Redmon,* the Eleventh Circuit affirmed the dismissal

---

[2] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but

of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits . . . ." *Id.* The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir. 1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id.*

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case. The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal. *See Redmon*,

---

may be cited as persuasive authority.

2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

The Court has not ordered Plaintiff to show cause as to why this case should not be dismissed prior to recommending dismissal. The Court has not done so because there can be no plausible excuse for Plaintiff's failure to disclose the existence of a very recent federal case that qualifies as a "strike", or to provide specific case information about recent cases, especially one that is being actively litigated currently. Further, upon review of the instant Complaint the Court finds that Plaintiff will not be prejudiced by the imposition of dismissal without prejudice as a sanction because his Complaint concerns a past event.

The undersigned therefore concludes that dismissal of this case without prejudice as malicious for abuse of the judicial process is an appropriate sanction for Plaintiff's lack of candor. The dismissal of this case as malicious for abuse of the judicial process should operate as a "strike" pursuant to 28 U.S.C. § 1915(g). If Plaintiff elects to re-file his claims, he is cautioned that he must exercise candor in completing the Complaint form and failure to do so could result in the imposition of another "strike". Once Plaintiff has incurred three strikes, he will be unable to proceed as a pauper in a civil case filed in federal court, absent a showing that he faces imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED** that this case should be **DISMISSED without prejudice** as malicious for abuse of the judicial process pursuant to 28 U.S.C. § 1915A(b).

**IN CHAMBERS** this 28th day of June 2018.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**